1823.

JOHN I. GALATIAN, ABRAHAM WOOD and JOHN ERWIN

v.

WILLIAM ERWIN, CHRISTOPHER L. MATTISON and CATHA-
RINE CUNNINGHAM.

CATHARINE CUNNINGHAM

v.

WILLIAM ERWIN, JOHN I. GALATIAN, ABRAHAM WOOD,
JOHN ERWIN and CHRISTOPHER L. MATTISON.

Bill of foreclosure on certain mortgages made by W. E.

Cross bill, by C. C. charging that W. E. as her guardian ad litem during her mi-
nority, instituted a suit in the supreme court for the partition of these lands, of
which she was heiress, and obtained a judgment for a sale, and became him-
self the purchaser; and impeaching the judgment in partition as void for ir-
regularity, and charging all the proceedings of W. E. to be fraudulent, and
that the other defendants claiming under him had notice.

Held, that whether this court can or cannot treat the judgment in partition as
void for irregularity, still as the proceedings of W. E. appear upon the whole
case to be a tissue of actual fraud, his title is bad.

W. E. mortgaged part of the lands to R. W. and C. W. and they assigned to
the complainants in the original suit. W. E. also mortgaged to G. one of
those complainants. Held, that if either the complainants, or if R. W. and C.
W. the assignors to the complainants were purchasers without notice and for
valuable consideration, the complainant may be protected by that fact.

But such want of notice is matter of defence which the party alleging it must
aver by way of defence and establish by proof.

He must also deny all knowledge of facts charged from which notice may be in-
ferred.

This denial must be full, positive and precise.

And if the party relies upon want of notice in another from whom he purchased
he must still aver the fact by plea or otherwise.

A cross bill is in the nature of a defence.

It cannot introduce new and distinct matters not embraced in the original suit,
and if it does so no decree can be founded upon those matters.

Such having been the fact here the original bill was dismissed with costs in fa-
vor of C. C. upon both that and the cross suit.

1823.
Nov. 4.

*Guardian a*
*purchaser.*
*Fraud.*
*Cross bill.*

THE first of these causes, was upon a bill filed on the mort-
gages hereafter mentioned. The second was in the nature of
a cross bill; and upon this last only, the questions arose,
which it is deemed useful to report.

Lieutenant Henry Cunningham an officer of the revolution-
ary army, died in the year 1798, intestate, and seized of the
lands mentioned in the pleadings; namely, a farm of about
forty acres in Orange county, and lot number thirty one, in

the military township of Cincinnatus, and lot number forty one, in that of Cato. His only children and heirs were, Margaret, John, and the present party Catharine, who became of full age on the twenty seventh of February 1819.

The cross bill set forth, that in May term 1811, William Erwin applied to Margaret, then an infant, to have partition made of these lands under the act of 1801 ; that he was himself appointed guardian ad litem, for all the heirs, in the supreme court, and gave a bond with surety accordingly ; that he employed an attorney, had the papers prepared, and it appeared from the testimony of Margaret, that she signed the petition as plaintiff or petitioner, at his request, without any previous perusal or knowing by whom it was drawn.

That on the seventh of May 1812, being the first day of the May term of the supreme court, the petition was read and filed, and a rule taken upon the other two heirs John and Catharine, to answer ; that on the same day the said William Erwin as their guardian, filed a plea of confession of the petition ; that a rule for judgment, quod partitio fiat, was thereupon entered, and commissioners appointed to make partition, and day was given till the fifteenth of August, for making the report ; that on that day the commissioners who lived remote from the lands, reported without ever having seen the premises, that they could not be divided without great prejudice to the owners ; that no fact was stated on which to ground this report, and no proof made of the truth of it ; that the commissioners were intimately connected with William Erwin ; that on filing the above report, a rule was entered of course, for the sale of the premises, which were accordingly sold, on the twentieth of February 1812, at the Tontine Coffee House in New-York, for about three thousand five hundred and twenty eight dollars, being less than one half of their value ; that the said William Erwin became the purchaser of the lot in Cincinnatus, being six hundred acres, and that receipts were passed for the purchase money, but none was actually paid.

That the rule of court directed the sale to be made on the tenth of May, which was Sunday.

That by the proceedings in the supreme court, it was not stated that William Erwin the purchaser, and William Erwin

7

1823.

GALATIAN
v.
ERWIN.
CUNNINGHAM
v.
ERWIN.

the commissioner were one and the same person, which fact appeared to have been studiously concealed from the court; and that the proceedings were confirmed by rule of court, the heirs being infants, and no one appearing to make opposition, and all passing subsilentio.

The cross bill further stated, that there was no necessity for the sale, nor any good reason for it; that William Erwin had accounted with Margaret and John, for their proportions of the proceeds; but before Catharine came of age, both Erwin and his surety became insolvent, and she never had received any thing on account.

That William Erwin having thus obtained a deed for the lot in Cincinnatus, mortgaged it in 1815, to Robert Wood and Charles Wardell; that in August term 1818, Wood and Wardell recovered a judgment against W. Erwin, on the bond which accompanied the mortgage; and that in December 1818, Robert Wood and Wardell assigned their interest in the judgment and mortgage, to John I. Galatian, Abraham Wood and John Erwin.

That William Erwin on the second of October 1817, had executed a further mortgage to Galatian, expressed to be on the north part of lot number thirty-five, without mentioning boundaries; that on the first of December 1817, the said William Erwin sold and conveyed to Christopher L. Mattison a part of the last mentioned lot particularly described; that on the eighteenth of November 1818, William Erwin assigned the mortgage to the complainant Catharine, but that the assignment was taken without her knowledge by her attorney; and that she was then a minor, and both she and her attorney were ignorant of the irregularities attending the partition and sale.

The defendants in the cross bill, in their answer thereto, alleged for the first time, that on the thirtieth of January 1919, William Erwin conveyed a part of the same lands to John Erwin; and that on the sixth of February 1818, he conveyed to Abraham Wood another part, both of which are specified, but neither the execution nor consideration of these deeds, was admitted by Catharine: and the defendant Abraham Wood in his answer, only stated that he believed he paid

the consideration, or a part of it in a particular manner. The
cross bill was taken pro confesso, against William Erwin and
Mattison. It charged that all the defendants at the time of the
several conveyances, knew of the manner in which William
Erwin obtained the lot.

The defendants Galatian, Abraham Wood, and John Erwin,
answered the cross bill, insisting on their rights and denying
fraud and notice. To these answers replications were filed, and
proofs were taken on the matters in issue.

MR. RADCLIFF for the complainant in the cross bill.

1. The proceedings in partition being commenced by William Erwin in the name of Margaret, when an infant, are void
generally; or if not wholly void, are so as regards the complainant Catharine, who has received no proceeds of the sale.
Under the statute of 1801, there can be no infant plaintiff or
actor. By the act, " any one or more of the parties interest-
" ed, may present a petition;" and a copy of the petition is
to be served on all the parties concerned in the lands, " or on
" the guardians of such as are minors." The just construc-
tion of the act, is, that the petition can be prosecuted only by
one who is sui juris, and competent to act; and that infants
must be in all cases, parties proceeded against as defendants.
The proceedings in the supreme court, are void upon the face
of them, on this ground.

The utmost power of a guardian over the lands of his ward,
is to make leases during the minority of the latter, and to
receive all the rents and profits. But if this proceeding is
allowed, it becomes an indirect means of selling the lands.
This too is done not by a general guardian, but by one spe-
cially appointed for the real, though not acknowledged object
of effecting a sale. The infant was not legally represented in
the very first step.

2. The judgment for sale was on Sunday, and therefore
void. 1 Sellon's pr. 12.; 1 Inst. 264.; 3 Bl. Com. 333.;
and Cro. Eliz. 277. It is alleged, that this was an error of
the clerk; if so, they should have applied to the supreme court
to amend. But in this court, it must be received as it stands.

3. The whole proceedings are palpably fraudulent. All
was done by the procurement of William Erwin, who was al-

GALATIAN
v.
ERWIN.
CUNNINGHAM
v.
ERWIN.

so appointed guardian for the other infants. There was no reason for the sale. Margaret, the petitioner, knew nothing of the subject, except from William Erwin, and the commissioners appointed, were strangers to the land, but were relations, connexions or intimate friends of Erwin. The proceedings were commenced on the seventh of May, and on the eighth, the cause had progressed to judgment for partition, and the commissioners were appointed; and on that day too, the commissioners report that a partition cannot be made.

This report is false upon the face of it, and a manifest violation of their duty and their oaths.

The lands are, a farm in Orange, and a lot of six hundred acres of land, more than three hundred miles from New-York, where the court was sitting. It is perfectly obvious, that the lands could be divided; and that their report to the contrary, must have been made without any examination whatever. The court ought to have proof that a partition cannot be made; and in the case of houses and lots not exceeding fifty acres, upon such proof they may direct a sale. See act of eighth of March 1811: no such proof was made in this cause.

All these proceedings taken together, were in effect, the sole act of William Erwin. John I. Galatian was his clerk, and was privy to the whole. Wood and Wardell were partners.

No trustee can purchase the subject of his trust. 2 John. ch. 254. But here William Erwin was at once trustee, vendor and purchaser. He purchased the lot in Cincinnatus for twelve hundred dollars, and soon after sold five hundred and sixty acres in different parcels, for two thousand two hundred and seventy five dollars. This speculation is made by a guardian upon his wards, one of whom, the present complainant, received but forty dollars while an infant.

If these proceedings are void, it is of no consequence, whether the mortgagees or their assignees had notice. They can not avail themselves of the want of it.

But in any case, these parties had notice, or such information, that with due diligence they might have had it. In the farther answer to the cross bill, they admit that they had heard and believed that Erwin had purchased of the infants, and the joint answer admits, that the proceedings passed in silence.

On these points, we refer to 3 John. ch. 345. ; 1 John. ch. 302. ; 2 John. ch. 155. ; Cooper's Eq. plead. 281. 285.

Such purchasers as these must deny notice, and every fact from which notice can be inferred.   1 John. ch. 575. ; and there is no such denial here.   There was enough here to put purchasers on their guard.   The conveyance from the commissioners, must have recited the proceedings ; and a mortgagee would of course, examine title and therefore inspect the conveyance.

These are not innocent lenders : the mortgage was for a pre-existing debt ; they took it for better or for worse ; they do not even allege the want of notice as a protection.

It is not entirely established, that a second purchaser with notice, may avail himself of the want of notice in his vendor. But a defendant must swear positively, to the want of notice. Mitford's Pl. 84. ; 1 Madd. 211, 212. ; 2 John. ch. 512. ; 2 Chitty Pl. 611, 612. ; 5 Term Rep. 82.

But whether the proceedings be void, or fraudulent, or not, still the money remains unpaid on the lot purchased by William Erwin ; and hence the infants have a preference and lien, not only for the consideration but for the profits ; for the excess of the price at the subsequent sale.   1 John. 308. ; 2 John. ch. 254.   So much of this money as remains unpaid should now be paid to Catharine Cunningham as cestui que trust.

Mr. S. S. Gardiner, on the other side.   The judgment in partition can be set aside in the supreme court only ; and till set aside there, must be held good here.   14 John. 63. ; 5 John. ch. 44. ; Arden v. Patterson.

Infancy is a mere personal privilege.   Catharine Cunningham cannot avail herself of the infancy of Margaret. Bac. Ab. Tit. Infancy. ; 2 John. 275. ; 5 John. 160.   And in May term 1812, Margaret was of age, which is enough.

As to the day of the report and order for sale, they were actually on the fifteenth.   It is a mere clerical error, and the continuances on the roll, are regular, and it is cured by the statute.

The fifth section of the act, points out the course of proceedings, in case of a report that the lands cannot be divided ;

and no proof is required but the report : that is sufficient. But if more were requisite, it will be presumed to have been given, orally or otherwise. 11 John. 446, per Yates justice.

There is a difference founded in strong reason, between a guardian with powers to sell, and a guardian ad litem merely. The latter has no power to sell, and therefore is not prohibited from purchasing. 11 John. 446.

A purchaser with notice, may take a conveyance from one without notice. 1 Atk. 571.; 2 Bro. ch. 66.; 2 Atk. 242.; 3 Atk. 377. Abraham Wood and Charles Wardell had no notice. It so appears from the witnesses on the other side.

As to the difference in the sale of the land ; first, it was kept by William Erwin some years before he sold : next, he bought it subject to a right of dower, but sold it absolutely.

My clients deny all knowledge of the proceedings in partition.

THE CHANCELLOR. The second of these suits, is a cross bill ; and both are in substance, one cause.

The proceedings in the supreme court, by which these lands were sold, appear to me to have been a gross fraud upon the children of Henry Cunningham. Almost every step taken in those proceedings, gives evidence of fraud; and the various proceedings which terminated in the sale of the lands, when viewed collectively, exhibit a case of fraud, plain and palpable. To state all the circumstances, which taken separately, or considered collectively, impress those proceedings with the character of fraud, would be to recite most of the facts before the court ; and in a case so clear, such a recital is unnecessary. I consider all the proceedings in the supreme court and the sale conveying the lands to William Erwin, as one tissue of fraud ; of which he, William Erwin, was the author, and in which, he was the principal actor. Without any necessity for converting the inheritance of Catharine Cunningham into money, and without any just reason in reference to her interests, William Erwin procured her title to her lands, to be vested in himself; and this was done, by the most odious of all frauds, a fraud practised upon a court of justice, under the forms of law. This was fraud in fact, the actual fraud of Wil-

liam Erwin ; and the consummation of his fraudulent purpose, was the conveyance to himself. My conclusion from all the facts, is, that the proceedings in the supreme court, the judgment of that court directing a sale of the lands, the sale and the purchase made by William Erwin, are fraudulent and void, against Catharine Cunningham.

1823

GALATIAN
v.
ERWIN
CUNNINGHAM
v.
ERWIN.

The title of William Erwin being considered invalid, as having been obtained by his own actual fraud ; it is unnecessary to decide the questions which have been raised, concerning the legality of the proceedings in the supreme court.

After the conveyance to William Erwin, he mortgaged the lot in the town of Cincinnatus, to Robert Wood and Charles Wardell; and they have assigned the mortgage to the complainants in the first of these suits. William Erwin has also mortgaged a part of the same lot, to John I. Galatian, one of the complainants in the original suit. These two mortgages are the foundation of this suit, and the subject of litigation now before the court.

If these complainants are purchasers for a valuable consideration without notice of the antecedent defect in the title of William Erwin, they are entitled to the benefit of their mortgages; or if Robert Wood and Charles Wardell were purchasers for a valuable consideration without notice, the complainants may protect the mortgage assigned to them, by that fact.

The want of notice, by which a purchaser may protect his estate against an antecedent defect in the title of the vendor, being allowed to prevail as an answer to such a defect; it always forms a matter of defence to be alleged by the purchaser. It is his good faith and his honest ignorance of any defect in the title, which protect him ; and he must always sufficiently allege his want of notice. If this were not so, any cunning or colluding purchaser might obtain a title infected by fraud or subject to trusts ; and all rights not apparent upon the legal title purchased, would be easily destroyed. The burden of this defence, rests upon the purchaser ; and as his own knowledge or his own ignorance is the question, he must, if he seeks to avail himself of this defence in equity, deny knowledge upon oath. He must not only deny any knowledge of the title of the adverse party; but he must also deny any knowledge of circum-

*Want of notice in a purchaser is matter of defence which he must aver by way of defence and establish by proof.*

*He must also deny all knowledge of facts charged from which notice may be inferred.*

1823.

Galatian
v.
Erwin.
Cunningham
v.
Erwin.

This denial
must be full,
positive and
precise.

stances charged, from which notice may be reasonably inferred. This defence never rests on proofs alone. It must always be made as an allegation ; and the denial of notice, must be full, positive and precise. The rule is necessarily strict; but it imposes no hardship on a purchaser ; who is always able to state what he knows, and his ignorance of that which he knows not. These principles are fully established by authority. Mitf. 215, 216, and the cases there cited ; 2 Maddock, 322, 323, 324, and the cases there cited; 1 Johns. ch. 302. 575.; 2 Johns. ch. 157. ; 3 Johns. ch. 345.

The complainants in the suit to foreclose the mortgages, are defendants in the cross suit; and by the cross bill, their title is directly impeached as void, by reason of the fraud which is the source of this controversy. They were therefore, bound to answer all the charges of the cross bill ; and if they were purchasers without notice, and were desirous to take shelter under that fact, they were bound to allege it precisely and positively, in compliance with the established rules which have been mentioned.

The complainants answering the cross bill say, that " they " deny," that when they received their securities, " they had ac- " tual notice of the said proceedings," meaning the proceedings in the supreme court, " and of the claim of the said Catharine " Cunningham except" as is herein stated. The same idea is more vaguely stated in other parts of the answer ; but I select this statement, as the strongest denial of notice, which the answer affords. They here deny actual notice of the claim of Catharine Cunningham ; but if they had any notice whatever, it is sufficient to repel their equity. This denial of actual notice, is also accompanied with the limitation, " except as is " herein stated." In other parts of the answer they admit that when they received their securities they had heard and believed, that the lands had belonged in part, to Catharine Cunningham, as an heir of her father ; that she was a minor ; and that the lands had been purchased by William Erwin, while he was her guardian in the suit for partition. They then knew, by their own admission, that they were purchasing a title, which had belonged to a minor, and had been purchased by the guardian of the minor during the continu-

ance of his trust.  The knowledge of these facts, was not an <span></span>
ignorance of the rights of Catharine Cunningham; and if
they knew nothing else, these facts were sufficient to apprise <span></span>
them, that a title which had been so acquired might be im-
peached.  It is not necessary to analyse this answer more
minutely.  It does not contain the averment, that these pur-
chasers acquired their title, without notice of the claim of
Catharine Cunningham; and without such an averment, in
terms positive and unequivocal, they can not have the protec-
tion of equity against her rights.  They can not hold in equity,
as purchasers without notice, when they have not alleged that
they are such purchasers, in the proper manner.  These pur-
chasers were entitled to resist the claim of Catharine Cunning-
ham, by showing that the title of William Erwin was valid;
or if that was void, by alleging and showing that they pur-
chased without knowledge of its defects; and either of these
grounds would have been a defence.  They have placed their
defence upon the first of these grounds; and though they par-
tially deny notice of any objection to the title of William Er-
win, yet this partial denial, their admission that they knew at
least, a part of the history of this title, and all the facts of the
case, sufficiently show, that the plea that they were purchasers
without notice, could not have been made by them, in the usual
form, with truth.  That defence has not been here made, in
the manner required, by established principles and authorities.

This view of the cause disposes of the question of notice to
the complainants in the first suit, and also decides, that Ga-
latian as one of them, is not entitled as a purchaser without
notice, to hold the mortgage made to him by William Erwin.
The other mortgage was executed to Wardell and Wood, and
was assigned by them to these complainants; and in respect
to this mortgage, I now inquire, whether want of notice to
Wardell and Wood of the facts vitiating the title of William
Erwin, is averred and supported, as a defence.

Wardell and Wood have been examined as witnesses; and
their testimony though vague, seems to show, that they had no
notice of the defect of William Erwin's title.  As a question
of fact upon the proofs before the court, it is very uncertain,
whether Wardell and Wood took their mortgage, with no-

S

1823.    tice of Catharine Cunningham's claim, or not. But it is unne-
          cessary to examine this question of fact, upon the testimony,
GALATIAN   as a want of notice to Wardell and Wood, is not alleged.
   v.
ERWIN.    The allegation upon this point, in the answer to the cross
CUNNINGHAM
   v.      bill, is, that whether or not, Wood and Wardell when they
ERWIN.
          received the mortgage from William Erwin, had notice
          of all the charges, circumstances and allegations of the cross
          bill, the defendants who answer it, can not set forth, from know-
          ledge or information, except from the cross bill.   This allega-
          tion, is not a denial of notice to Wardell and Wood; and as
          an averment of the ignorance of Wardell and Wood, it is
If he relies  clearly insufficient.   Where a purchaser with notice, relies up-
on want of no-
tice in anoth-  on the ignorance of a prior purchaser, through whom the title
er, he must
still aver the  has passed, though the ignorance of another person, may not
fact by plea
or otherwise.  be a fact within his own knowledge, he is still bound to aver
          the fact, if he desires to make it a defence.   The cross bill
          charges expressly, that the three complainants and also War-
          dell and Wood, had notice of the facts and circumstan-
          ces therein stated; and if these purchasers could not from
          their own knowledge, answer concerning notice to Wardell and
          Wood, they were able to state by plea or averment, that War-
          dell and Wood had no notice.   A want of notice to Wardell
          and Wood, is not alleged, either by plea or answer : and War-
          dell and Wood are not stated to have been purchasers without
          notice, according to the rules of equity.

          Thus, neither the complainants nor Wardell and Wood,
          stand here, as purchasers without notice, according to the rules
          and principles which govern that defence; and the rights of
          Catharine Cunningham must prevail.

          The bill in the first suit, is the ordinary bill to obtain satis-
          faction from the land mortgaged; and the two mortgages, are
          the subject of the suit.   The cross bill seeks to set aside the
          proceedings in the supreme court, the sale of all the lands to
          William Erwin, and to revest in Catharine Cunningham all her
          rights; and the court has been asked to make a decree to that
          effect.   This course would treat the cross bill as an original
          bill for relief, upon all the matters stated in it; and these mat-
A cross bill  ters are to a great extent, different from the subjects of the ori-
is matter of
defence.     ginal suit.   A cross bill is a defence; and being so consider-

ed, is confined to the matters in litigation, in the original suit. Without this restriction, new matters might be introduced into a litigation, by cross suits, without end. As a defence to the original suit, this cross suit is entirely proper : but it can not be converted into a distinct suit, relative to other lands, or become the foundation of a decree concerning matters not embraced in the original suit. The original suit is founded upon these two mortgages ; and no decree beyond those subjects of controversy, can be here made. The first suit is dismissed ; and Catharine Cunningham recovers her costs of that suit, and also her costs of the cross suit.

*1823.*

GALATIAN
v.
ERWIN.
CUNNINGHAM
v.
ERWIN

*It cannot introduce new and distinct matter not embraced in the original suit, and if it does so, no decree can be founded on those matters.*

*The original suit dismissed with costs in favor of C. C. both of that and of the cross suit.*